*United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 03, 2024

Mr. Ryan Glen Kercher
Office of the Attorney General of Texas
Special Litigation Division
P.O. Box 12548
(MC-009)
Austin, TX 78711-2548

Ms. Lanora Christine Pettit
Office of the Texas Attorney General
Office of the Solicitor General
P.O. Box 12548 (MC-059)
Austin, TX 78711-2548

    No. 24-50783   La Union del Pueblo Entero v. Abbott
                   USDC No. 5:21-CV-844
                   USDC No. 1:21-CV-780
                   USDC No. 1:21-CV-786

Dear Mr. Kercher and Ms. Pettit,

We have docketed the appeal as shown above, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See Fed. R. App. P. and 5th Cir. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or

downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our

court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Mary Frances Yeager, Deputy Clerk
                                      504-310-7686

cc:  Ms. Jessica Ring Amunson
     Mr. Dayton Campbell-Harris
     Mr. Adriel I. Cepeda Derieux
     Ms. Sarah Xiyi Chen
     Mr. Philip Devlin
     Mr. Christopher D. Dodge
     Mr. Zachary Dolling
     Mr. Jason Scott Kanterman
     Mr. Christopher McGreal
     Mr. Uzoma Nkem Nkwonta
     Ms. Nina Perales
     Ms. Elena Alejandra Rodriguez Armenta
     Ms. Elizabeth Ryan
     Ms. Leah Tulin

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 24-50783

---

La Union del Pueblo Entero; Mexican American Bar Association of Texas; LULAC Texas; Texas Alliance for Retired Americans; Texas AFT; OCA-Greater Houston; League of Women Voters of Texas,

    Plaintiffs - Appellees

v.

Gregory W. Abbott, in his official capacity as Governor of Texas; Warren K. Paxton, in his official capacity as Attorney General of Texas; State of Texas; Jane Nelson, in her official capacity as Texas Secretary of State,

    Defendants - Appellants

---

OCA-Greater Houston; League of Women Voters of Texas,

    Plaintiffs- Appellees

v.

Ken Paxton, Texas Attorney General,

    Defendant - Appellant

---

LULAC Texas; Texas Alliance for Retired Americans; Texas AFT,

    Plaintiffs - Appellees

v.

Ken Paxton, in his official capacity as the Texas Attorney General,

    Defendant - Appellant