No. 24-50783

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

LA UNION DEL PUEBLO ENTERO, *et al.*,
*Plaintiffs-Appellees*,

v.

GREGORY W. ABBOTT, *et al.*,
*Defendants-Appellants*.

**On Appeal from the United States District Court for the Western District of Texas, San Antonio Division**

# REPUBLICAN PARTY APPELLANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO STAY

John M. Gore
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
JONES DAY
51 Louisiana Ave. NW
Washington, DC 20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

*Counsel for Appellants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee*

# ARGUMENT

Appellants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee ("Republican Party Appellants") and the State Appellants have already explained why a stay pending appeal is warranted. *See* Dkt. Nos. 6 and 33. The Republican Party Appellants fully agree with the State Appellants that Appellees have offered nothing to justify denial of a stay. *See* Dkt. No. 90.

Indeed, a stay is warranted for the simple reason that Appellees brought pre-enforcement facial challenges but failed to clear the high bar for such challenges. *See* Dkt. No. 33 at 2-9. Appellees' responses to this dispositive point are particularly baffling. *First*, the LULAC Appellees and the LUPE Appellees both claim they brought not just facial challenges to section 7.04, but also as-applied challenges. Dkt. No. 67 at 13 n.4 ("LUPE Br."); Dkt. No. 71 at 17-18 ("LULAC Br."). This is false.

The Court might notice that Appellees do not cite any complaint in this case to show that they brought an as-applied challenge. Nor could they. No Appellee below sought relief in their complaints against section

1

7.04 as applied to them; they sought only *facial* relief.  *See* ECF Nos. 200 ¶¶ 214-25, 226-39 (not articulating as-applied challenge and asking for enforcement of provisions to be completely enjoined), 207 at 62-63 (seeking only facial relief against section 7.04), 208 ¶¶ 286-300 (explicitly invoking standard for facial challenge).  That is why Appellees never introduced *any* evidence of them (or anyone else) being investigated, prosecuted, or threatened with prosecution under section 7.04—a point Appellees do not contest in their briefs.  And that is why the District Court's injunction *facially invalidates* rather than partially invalidates section 7.04, State Appellants App. A. at 77, rendering it unenforceable in all of Texas.

Because Appellees never sought as-applied relief against section 7.04, they obviously cannot do so now for the first time on appeal.  Citations to cases where litigants brought *both* as-applied and facial challenges are thus inapt.  In *Susan B. Anthony List v. Driehaus*, for example, the "amended complaint alleged that [the challenged laws] are unconstitutional both facially and as applied." 573 U.S. 149, 155 (2014).  Further, an as-applied challenge was plausible in *Driehaus*: Unlike here, Susan B. Anthony List as an organization *did* face a "credible risk of

enforcement" because the relevant enforcement agency had "already found probable cause to believe" it had engaged in activity that violated the challenged statutes. *Id.* at 162.

Here by contrast, even if Appellees had pleaded as-applied challenges to section 7.04, they would obviously be meritless because Appellees have *zero* evidence that section 7.04 has been applied against them. Again, Appellees do not dispute that they have not been investigated, prosecuted, or threatened with prosecution under section 7.04. Their arguments instead "rest on speculation" about how section 7.04 will be enforced, even as no state court has ever interpreted the provision. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). But an as-applied challenge requires evidence that the government has taken *actual* actions against the specific challengers. *See, e.g.*, *Moody v. Netchoice,* 144 S. Ct. 2383, 2394 (2024) (giving example of as-applied challenge "brought by Facebook protesting its loss of control over the content of its News Feed"). Because Appellees cannot point to any governmental actions against them under section 7.04, they are clearly bringing facial challenges. *See id.* at 2417 (Thomas, J., concurring) (noting facial challenge allows "a single plaintiff [to]

3

immediately call upon a federal court to declare an entire statute unconstitutional, even before it has been applied to him.").

*Second*, Appellees half-heartedly try (and fail) to argue they can satisfy the demanding standards for pre-enforcement facial relief. Neither group of Appellees even attempts to defend the District Court's grant of pre-enforcement, facial relief under the void-for-vagueness doctrine. Only the LUPE Appellees offer any defense of the District Court's void-for-vagueness holding, LUPE Br. 13-15, and they simply ignore the "difficult, perhaps impossible" standard of review for pre-enforcement, facial vagueness claims. *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 547 (5th Cir. 2008). Appellees are thus unlikely to succeed on their void-for-vagueness claims. *See* Dkt. No. 33 at 2-5.

Appellees do not fare much better on their attempt to comply with the "daunting" standard for facial First Amendment claims. *Voting for Am. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013); *accord Moody,* 144 S. Ct. at 2397 (calling facial-challenge standard for First Amendment challenges "rigorous"). The LULAC Appellees simply proceed as if that standard did not exist. *See* LULAC Br. 9-17. The LUPE Appellees insist there are no "circumstances in which [section 7.04] has legitimate

4

application." LUPE Br. 13. But this is simply false, as the Republican Party Appellants have already explained. *See* Dkt. No. 33 at 6-9. Section 7.04's core application—preventing paid partisans from pressuring voters *while* they fill out their mail ballots—is constitutional under the Supreme Court's decision in *Burson v. Freeman*, 504 U.S. 191, 210 (1992). *See* Dkt. No. 33 at 6-9.

The LUPE Appellees attempt to distinguish *Burson*, LUPE Br. 10-11, but fail. They insist *Burson* dealt with a law that applied only under narrow circumstances to protect voters. *Id.* at 10-11. The same is true of section 7.04, which Appellees continue to distort in a gambit to broaden it to unreasonable applications. *See id.* Because section 7.04 has a *knowledge* scienter requirement, it applies only when a paid canvasser *knows* a mail ballot is physically present. *See* Tex. Elec. Code § 276.015(a)-(b). The archetypal situation where that will be true is *when* a voter is filling out their mail ballot—a situation where even the LUPE Appellees seem to begrudgingly acknowledge that section 7.04 can lawfully apply. *See* LUPE Br. 9. And rightly so; in that situation, while voters are filling out their ballots, *Burson* allows Texas to shield voters from pressure from paid partisans. 504 U.S. at 210. That "plainly

5

legitimate sweep" for section 7.04, *Voting for Am.*, 732 F.3d at 387, means Appellees are unlikely to succeed on the merits of their First Amendment claims.

## CONCLUSION

This Court should stay the District Court's order pending appeal.

Dated: October 9, 2024

Respectfully submitted,

*/s/* John M. Gore
John M. Gore
  *Counsel of Record*
E. Stewart Crosland
Louis J. Capozzi, III
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
(202) 879-3939
jmgore@jonesday.com
scrosland@jonesday.com
lcapozzi@jonesday.com

*Counsel for Appellants Harris County Republican Party, Dallas County Republican Party, Republican National Committee, National Republican Senatorial Committee, and National Republican Congressional Committee*

# CERTIFICATE OF SERVICE

On October 9, 2024, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free from viruses.

Dated: October 9, 2024

/s/ John M. Gore
John M. Gore

*Counsel for Intervenors-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,026 words, excluding the parts of the motion exempted by rule; and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used to calculate the word count).

Dated: October 9, 2024

/s/ John M. Gore
John M. Gore

*Counsel for Intervenors-Appellants*