United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 15, 2024
Lyle W. Cayce
Clerk

No. 24-50783

_____

La Union del Pueblo Entero; Mexican American Bar Association of Texas; LULAC Texas; Texas Alliance for Retired Americans; Texas AFT; OCA-Greater Houston; League of Women Voters of Texas,

*Plaintiffs—Appellees*,

*versus*

Gregory W. Abbott, *in his official capacity as Governor of Texas*; Warren K. Paxton, *in his official capacity as Attorney General of Texas*; State of Texas; Jane Nelson, *in her official capacity as Texas Secretary of State*,

*Defendants—Appellants*,

_____

OCA-Greater Houston; League of Women Voters of Texas,

*Plaintiffs- Appellees*,

*versus*

Ken Paxton, *Texas Attorney General*,

*Defendant—Appellant*,

_____

LULAC Texas; Texas Alliance for Retired Americans; Texas AFT,

*Plaintiffs—Appellees*,

*versus*

Ken Paxton, *in his official capacity as the Texas Attorney General*,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-844
USDC No. 1:21-CV-780
USDC No. 1:21-CV-786
_____

Before Ho, Wilson, and Ramirez, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

On the eve of elections in Texas, the district court has entered an injunction that impacts how ballots can be handled. It holds unconstitutional a law that has been on the books for over three years, but that the court did not see fit to enjoin until now. The Supreme Court has instructed lower courts not to unduly delay ordering changes to election law until the eve of an election. *See*, *e.g.*, *Purcell v. Gonzalez*, 549 U.S. 1, 6 (2006). We accordingly grant the State's request for a stay of the injunction pending appeal.

I.

In response to difficulties faced by election officials in the 2020 election, the Texas Legislature enacted S.B. 1, known as the Election Protection and Integrity Act, in 2021. Among other provisions, S.B. 1 restricts paid "vote harvesting services," defined as "interaction with one or more voters, in the physical presence of an official ballot or a ballot voted by mail, intended to deliver votes for a specific candidate or measure." Tex. Elec. Code § 276.015(a)(2). The theory of this provision is simple: Just as the State can protect the privacy of citizens who vote in-person by prohibiting other individuals from contacting them at the voting booth, *see*, *e.g.*, *Burson v. Freeman*, 504 U.S. 191 (1992), S.B. 1 protects the privacy of citizens who choose instead to vote by mail.

Specifically, S.B. 1 prohibits "knowingly provid[ing] or offer[ing] to provide vote harvesting services in exchange for compensation," or offering compensation for such services. Tex. Elec. Code § 276.015(b)–(c). The law also makes clear that it

does not restrict constitutionally protected political advocacy. In particular, it does not apply where no compensation or benefit is earned or received; where the interaction takes place outside the voting process or the presence of a ballot; or where the activity was not designed to deliver votes for or against a specific candidate or measure. *See* Tex. Elec. Code § 276.015(e).

Plaintiffs, a coalition of organizations, facially challenged this provision on vagueness and First Amendment grounds. In August 2021, they filed suit seeking injunctions against the Secretary of State, Attorney General, and District Attorneys of Travis County, Dallas County, Hidalgo County, and the 34th Judicial District (comprised of El Paso, Culberson, and Hudspeth Counties).

But it was not until September 28, 2024, three weeks before voting begins in Texas—and almost three years after the law went into effect—that the district court enjoined Defendants from enforcing the vote harvesting provision of S.B. 1.

The State now moves to stay the district court's order pending appeal.

## II.

Under the "'traditional' standard for a stay," we "consider[ ] four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

But this test "does not apply . . . when a lower court has issued an injunction of a state's election law in the period close to an election." *Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (citing *Purcell*, 549 U.S. at 1).

That's exactly what happened here. The district court enjoined a law that applies only to "interactions directly involv[ing] an official ballot or ballot by mail." Tex. Elec. Code § 276.015(e). The enjoined law protects the privacy of voters while they are engaged in casting a ballot. The law has no effect outside of the voting process. So it's unquestionably an "election law." *Merrill*, 142 S. Ct. at 880 (Kavanaugh, J., concurring).

The district court enjoined the law after Texas had already begun issuing mail-in ballots for the 2024 general election cycle. So the injunction falls "close to an election" under *Purcell*. *Id*. *See also Robinson v. Ardoin*, 37 F.4th 208, 229 (5th Cir. 2022) (discussing the timeline of various injunctions stayed under *Purcell*); *Petteway v. Galveston County*, 87 F.4th 721, 723 (5th Cir. 2023) (en banc) (Oldham, J., concurring) (same).

The district court tried to avoid *Purcell* by suggesting that the doctrine applies only to "mechanics and procedures of election law applicable to voting." But it cited nothing to support this understanding of *Purcell*, and established law is to the contrary. *See, e.g.*, *Merrill*, 142 S. Ct. at 879–80 (Kavanaugh, J., concurring) (applying *Purcell* to a gerrymandering dispute). And in any event, S.B. 1 does regulate the mechanics of voting, by protecting voter privacy when it comes to mail-in ballots, just as state law protects privacy in the voting booth. *See, e.g.*, *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363 (11th Cir. 2022) (applying *Purcell* to a law protecting security of ballot drop boxes).

### III.

To determine whether a stay in the election context is appropriate, *Purcell* requires courts to "weigh . . . considerations specific to election cases." 549 U.S. at 4. Chief amongst those considerations is the potential for an injunction issued close to an election "to confuse voters, unduly burden election administrators, or otherwise sow chaos or distrust in the electoral process." *Robinson*, 37 F.4th at 228 (collecting cases). "Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others." *Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring).

"Even seemingly innocuous late-in-the-day judicial alterations to state election laws can interfere with administration of an election and cause unanticipated consequences." *Democratic Nat'l Comm. v. Wis. State Legislature*, 141 S. Ct. 28, 31 (2020) (Kavanaugh, J., concurring). *See also Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring) ("This Court has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election, and this Court in turn has often stayed lower federal court injunctions that contravened that principle.") (collecting cases).

The district court issued this injunction after counties have already started to mail absentee ballots. So Texans are about to cast ballots not subject to voter privacy protections currently on the books but rather subject to the injunction issued by the district court.[1]

Moreover, the import of that injunction for individual voters depends on the county. Neither the Secretary of State nor the Attorney General enforces S.B. 1. *See Richardson v. Flores*, 28 F.4th 649, 654 (5th Cir. 2022); *Ostrewich v. Tatum*, 72 F.4th 94, 101 (5th Cir. 2023) (citing *State v. Stephens*, 663 S.W.3d 45, 57 (Tex. Crim. App. 2021)); *Mi Familia Vota v. Ogg*, 105 F.4th 313, 332 (5th Cir. 2024). So the practical effect of the injunction is to prevent enforcement of S.B. 1, but only in certain counties in Texas. If you vote in Travis County, Dallas County, Hidalgo County, El Paso County, Culberson County, or Hudspeth County, the ballot harvesting provisions of S.B. 1 are no longer in effect. Everywhere else in Texas, however, they remain fully in effect. It's not difficult to imagine that voters and election officials alike may be confused by variations in the enforceability of Texas election law from county to county.

## IV.

To be sure, *Purcell* is not an absolute principle. It may be overcome if certain conditions are met. In particular, a stay may not be appropriate if "(i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship." *Merrill*, 142 S. Ct. at 881 (Kavanaugh, J., concurring).

But Plaintiffs here fail at the very first step—the merits of their constitutional challenge to S.B. 1 is far from "entirely clearcut." *Id. See*, *e.g.*, *League of Women Voters*, 32 F.4th at 1372 n.8; *Pierce v. N.C. State Bd. of Elections*, 97 F.4th 194, 229 (4th Cir. 2024).

---

[1] In addition, those ballots include official instructions to voters that the district court has effectively rendered inoperative by holding the ballot harvesting provisions of S.B. 1 invalid. For example, each mail-in ballot includes instructions in bolded text stating that another person "cannot suggest how you should vote." Tex. Sec'y of State, Form 6-29, https://perma.cc/N5FY-XSCL.

No. 24-50783

With respect to Plaintiffs' vagueness claim, for example, "examining facial vagueness is often difficult, perhaps impossible" "in the context of pre-enforcement review." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 547 (5th Cir. 2008). *See, e.g.*, *League of Women Voters*, 32 F.4th at 1372 (merits of vagueness claim not "entirely clearcut").

Their First Amendment claims fare no better. As with their vagueness claim, the "standard for facial challenges in First Amendment cases is . . . daunting." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 387 (5th Cir. 2013). Moreover, the Supreme Court has upheld voter privacy and security protections at the voting booth on the ground that States have a compelling interest "in protecting voters from . . . undue influence." *Burson*, 504 U.S. at 199 (Blackman, J.). And of course, the same concerns about privacy and security at the voting booth readily apply to privacy and security when it comes to mail-in ballots. *See Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 685 (2021); *Vote.Org v. Callanen*, 89 F.4th 459, 489 (5th Cir. 2023).

\* \* \*

The motion to stay injunction pending appeal is granted.

No. 24-50783

Irma Carrillo Ramirez, *Circuit Judge*, concurring in the judgment:

As this court has noted, "the Supreme Court has instructed that we should carefully guard against judicially altering the status quo on the eve of an election." *Veasey v. Perry*, 769 F.3d 890, 895 (5th Cir. 2014) (granting stay pending appeal of an injunction barring enforcement of a voter identification law), *aff'd*, 574 U.S. 951 (2014). Even where, as here, a district court has issued "a thorough order" explaining why an election law should be enjoined, the Supreme Court's "concern about confusion resulting from court changes to election laws close in time to the election should carry the day in the stay analysis." *Id.* at 897 (Costa, J., concurring). Because of the proximity of the injunction's issuance to the upcoming election, issuance of a stay is consistent with both Supreme Court and this court's precedent. *See id.*; *see also Arizona Sec'y of State's Off. v. Feldman*, 580 U.S. 977 (2016) (granting stay pending appeal of an injunction barring enforcement of a criminal law associated with voting); *Texas Alliance for Retired Americans v. Hughs*, 976 F.3d 564, 566-69 (5th Cir. 2020) (staying an injunction that would change election laws eighteen days before early voting began and finding that the traditional factors favored a stay).