**No. 24–50783**

# In the United States Court of Appeals for the Fifth Circuit

LA UNIÓN DEL PUEBLO ENTERO; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; MEXICAN AMERICAN BAR ASSOCIATION OF TEXAS; TEXAS HISPANICS ORGANIZED FOR POLITICAL EDUCATION; JOLT ACTION; WILLIAM C. VELASQUEZ INSTITUTE; FIEL HOUSTON, INCORPORATED; FRIENDSHIP-WEST BAPTIST CHURCH; TEXAS IMPACT; JAMES LEWIN; LULAC TEXAS; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT; OCA GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS,

*Plaintiffs–Appellees*,

*versus*

GREGORY W. ABBOTT, *in his official capacity as Governor of Texas*; WARREN K. PAXTON, *in his official capacity as Attorney General of Texas*; JANE NELSON, *in her official capacity as Texas Secretary of State*; HARRIS COUNTY REPUBLICAN PARTY; DALLAS COUNTY REPUBLICAN PARTY; NATIONAL REPUBLICAN SENATORIAL COMMITTEE,

*Defendants–Appellants*,

REPUBLICAN NATIONAL COMMITTEE,

*Movant–Appellant*.

---

OCA-GREATER HOUSTON; LEAGUE OF WOMEN VOTERS OF TEXAS,

*Plaintiffs–Appellees*,

*versus*

KEN PAXTON, *Attorney General of Texas*,

*Defendant–Appellant*.

LULAC TEXAS; TEXAS ALLIANCE FOR RETIRED AMERICANS; TEXAS AFT,

*Plaintiffs–Appellees,*

*versus*

KEN PAXTON, *in his official capacity as Attorney General of Texas*,

*Defendant–Appellant*.

---

On Appeal from the United States District Court
for the Western District of Texas, San Antonio
USDC Case Nos. 5:21-cv-00844, 1:21-cv-00780 & 1:21-cv-00786)
The Honorable Xavier Rodríguez, U.S. District Judge

---

**BRIEF OF *AMICI CURIAE* BRIAN M. MIDDLETON, DISTRICT ATTORNEY OF FORT BEND COUNTY, AND JOE D. GONZALES, CRIMINAL DISTRICT ATTORNEY OF BEXAR COUNTY IN SUPPORT OF NEITHER PARTY**

---

JUSTIN CARL PFEIFFER (SBN 24091473)
*Counsel of Record*
LAW OFFICE OF JUSTIN PFEIFFER PLLC
P.O. BOX 56632
Houston, Texas 77256
[Tel.] (832) 312-7900
jcpfeiff@icloud.edu

COUNSEL FOR *AMICI CURIAE* TEXAS
DISTRICT AND CRIMINAL DISTRICT ATTORNEYS

| | |
|---|---|
| FORT BEND COUNTY<br>(268TH JUDICIAL DISTRICT) | BRIAN M. MIDDLETON (SBN 90001967)<br>DISTRICT ATTORNEY OF FORT BEND COUNTY (268TH JUDICIAL DISTRICT)<br>1422 Eugene Heimann Cir. (Office)<br>301 Jackson Street (Mail)<br>Richmond, Texas 77469<br>[Tel.] (281) 341-4460<br>brian.middleton@fortbendcountytx.gov |
| BEXAR COUNTY | JOE D. GONZALES (SBN 08119125)<br>CRIMINAL DISTRICT ATTORNEY OF BEXAR COUNTY<br>101 W. Nueva<br>San Antonio, TX 78205<br>[Tel.] (210)-335-2011<br>gonzales.joe@bexar.org |

## CERTIFICATE OF INTERESTED PERSONS

Under the fourth sentence of Fifth Circuit Rule 28.2.1, *amici curiae*, as governmental parties, need not furnish a certificate of interested persons.

DATED:     OCTOBER 9, 2024          */s/ Justin C. Pfeiffer*
                                          JUSTIN C. PFEIFFER

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................................. iv

TABLE OF CONTENTS ................................................................................ v

TABLE OF AUTHORITIES ............................................................................ vi

STATEMENT OF INTEREST OF *AMICI CURIAE* ................................................. 1

SUMMARY OF THE ARGUMENT ...................................................................... 3

ARGUMENT ............................................................................................. 4

I. Texas Law Contradicts the Attorney General's Assertion That He Does Not Have a Sufficient Connection to the Enforcement of the Challenged Provisions ..................................................... 4

II. At a Minimum, the Attorney General's Enforcement Authority Raises a Novel Question of State Law Inappropriate for Motions Panel Disposition ........................................................ 8

CONCLUSION .......................................................................................... 11

SIGNATURE CERTIFICATION ....................................................................... 13

CERTIFICATE OF ELECTRONIC COMPLIANCE ................................................. 13

CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMIT ................................ 14

CERTIFICATE OF SERVICE ......................................................................... 15

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Arnold v. Cockrell*,
306 F.3d 277 (5th Cir. 2002)....................10

*Baker v. Wade*,
743 F.2d 236, 242 & n, 28 (5th Cir. 1984), *opinion withdrawn on reh'g*, 769 F.2d 289, *cert. denied*, 478 U.S. 1022 (1986)....................3

*Brady v. Brooks*,
89 S.W. 1052 (Tex. 1905)....................6

*City of Austin v. Paxton*,
943 F.3d 993 (5th Cir. 2019), *cert. denied sub nom. Austin, Tex. v. Paxton*, 141 S.Ct. 1047 (2021)....................5, 8

*Coal. to Defend Affirmative Action v. Brown*,
674 F.3d 1128 (9th Cir. 2012)....................8

*E.E.O.C. v. Neches Butane Prods. Co.*,
704 F.2d 144 (5th Cir. 1983)....................9

*Florida v. Jardines*,
569 U.S. 1 (2013)....................8

*Hopwood v. Texas*,
78 F.3d 932 (5th Cir. 1996)....................8

*Idaho v. Coeur d'Alene Tribe of Idaho*,
521 U.S. 261 (1997)....................4, 5

*K.P. v. LeBlanc*,
627 F.3d 115 (5th Cir. 2010)....................7

*Lewis v. Hughs*,
No. 20-50654, 2020 WL 5511881 (5th Cir. Sept. 4, 2020) (per curiam)....................10

*Lewis v. Scott*,
28 F.4th 659 (5th Cir. 2022)........10

*Ex parte Lo*,
424 S.W.3d 10 (Tex. Crim. App. 2013, *on reh'g*)........4

*Meshell v. State*,
739 S.W.2d 246 (Tex. Crim. App. 1987)........3, 6

*Mi Familia Vota v. Abbott*,
105 F4th 312 (5th Cir. 2024)........3, 7, 8

*Northshore Dev., Inc. v. Lee*,
835 F.2d 580 (5th Cir. 1988)........9

*Osterwich v. Tatum*,
72 F.4th 92 (5th Cir. 2023)........7

*Pennoyer v. McConnaughy*,
140 U.S. 1 (1891)........7

*Richardson v. Texas Sec'y of State*,
978 F.3d 220 (5th Cir. 2020)........9

*Saldano v. State*,
70 S.W.3d 873 (Tex. Crim. App. 2002)........4

*Stephens v. State*,
663 S.W.3d 45 (Tex. Crim. App. 2021), *reh'g denied*, 664 S.W.3d 293 (Tex. Crim. App. 2022)........1, 3, 10

*Tex. All. for Retired Ams. v. Hughs*,
976 F.3d 564 (5th Cir. 2020) (per curiam)........10

*Tex. Democratic Party v. Abbott*,
978 F.3d 168 (5th Cir. 2020), *cert. denied*, No. 19-1389, 2021 WL 78479 (U.S. Jan. 11, 2021)........2

*Tex. Democratic Party v. Hughs*,
974 F.3d 570 (5th Cir. 2020) (per curiam)........10

*Tex. League of United Latin Am. Citizens v. Abbott*,
978 F.3d 136 (5th Cir. 2020)....9

*Va. Office for Prot. & Advocacy v. Stewart*,
563 U.S. 247 (2011)....5

*Ex parte Young*,
209 U.S. 123 (1908)....*passim*

**CONSTITUTIONS**

TEX. CONST. art. 5, § 21....6

U.S. CONST., amend. I....2

U.S. CONST., amend. IV....8

U.S. CONST., amend. XI....2, 4, 5

**STATUTES**

Election Integrity Protection Act of 2021, 87th Leg., 2nd C.S., ch. 1, § 7.04
2021 Tex. Gen. Laws 3873 1911....2

TEX. CODE CRIM. PROC. art. 2.01....7

TEX. ELEC. CODE § 31.006....2

TEX. ELEC. CODE § 273.001....7

TEX. ELEC. CODE § 273.001(2)....6, 8, 10

TEX. GOV'T. CODE § 402.009(a)....*passim*

TEX. GOV'T. CODE Ch. 405....7

TEX. LOC. GOV'T CODE § 43.181(g)....1

**RULES**

FEDERAL RULE OF APPELLATE PROCEDURE 25(d)(3) .......... 15

FEDERAL RULE OF APPELLATE PROCEDURE 29(a)(2) .......... 3

FEDERAL RULE OF APPELLATE PROCEDURE 29(a)(4)(E) .......... 3

FEDERAL RULE OF APPELLATE PROCEDURE 29(a)(5) .......... 14

FEDERAL RULE OF APPELLATE PROCEDURE 29(a)(6) .......... 1

FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(5) .......... 14

FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(6) .......... 14

FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)(B) .......... 14

FEDERAL RULE OF APPELLATE PROCEDURE 32(f) .......... 14

FEDERAL RULE OF APPELLATE PROCEDURE 32(g) .......... 14

FIFTH CIRCUIT RULE 25.2.1 .......... 13

FIFTH CIRCUIT RULE 25.2.5 .......... 15

FIFTH CIRCUIT RULE 25.2.13 .......... 13

FIFTH CIRCUIT RULE 28.2.1 .......... iv

FIFTH CIRCUIT RULE 32.2 .......... 14

FIFTH CIRCUIT RULE 32.3 .......... 14

**OTHER AUTHORITIES**

17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & VIKRAM DAVID AMAR, FEDERAL PRACTICE AND PROCEDURE § 4232 (3d ed. 2007) .......... 5

## STATEMENT OF INTEREST OF *AMICI CURIAE*[1]

*Amicus Curiae* Brian M. Middleton, District Attorney of Fort Bend County (268th Judicial District of Texas),[2] joined by *Amicus Curiae* Joe D. Gonzales, Criminal District Attorney of Bexar County, (collectively, "*Amici Curiae*"), file this brief in support of neither party to set out the appropriate understanding the Texas Court of Criminal Appeals' landmark decision in *Stephens v. State*, 663 S.W.3d 45 (Tex. Crim. App. 2021), *reh'g denied*, 664 S.W.3d 293 (Tex. Crim. App. 2022).

*Amici* are some of the elected district attorneys who fully participated in all stages of the Court of Criminal Appeals' disposition of *Stephens*. Undersigned counsel of record, orally argued the *Stephens* matter in the Court of Criminal Appeals.

The broad coalition of district and county attorneys who participated in *Stephens*—representing nearly half of the State's population—spent a year forumulating their common positions. The opportunity for fuller briefing may well lead to a refinement of the argument as more stakeholders have the opportunity to contribute.

---

1 In the instance of amicus curiae that does not support either party, Federal Rule of Appellate Procedure 29(a)(6) sets the time for the filing as "no later than 7 days after the appellant's or petitioner's principal brief is filed."

2 The official name of the Fort Bend County District Attorney's Office is the Office of the District Attorney for the 268th Judicial District. *See* TEX. GOV'T CODE § 43.181(b).

*Amici* do not express any opinion on the district court's conclusion the "Challenged Provisions"[3] of S.B. 1[4] are void for vagueness or violate the First Amendment. Indeed, the Texas Constitution's vertical and horizonal separation of powers leave such questions to others. Rather, *Amici* exclusively address the Attorney General's Eleventh Amendment argument.

Determining whether a state official enjoys sovereign immunity "requires a provision-by-provision analysis" as to each state official. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 179, 180–81 (5th Cir. 2020). Because *Amici* do not have special knowledge as to how the Secretary of State completes its TEX. ELEC. CODE § 31.006 criminal reporting requirement to the Attorney General, *Amici* take no position on the Secretary of State's assertion of Eleventh Amendment immunity.

*Amici* urge this Court's motion panel to either reject the Attorney General's Eleventh Amendment argument or carry such a determination to a merits panel. Mindful that state law directs the analysis of the scope of the powers of the official in question for sovereign immunity purposes, the present briefing does not even begin to scratch the surface of the complexity of the relevant Texas law.

---

[3] The district court calls these provisions the "Canvassing Restrictions." The Attorney General refers to these provisions as the "paid-vote-harvesting ban."

[4] For avoidance of doubt, the Texas Legislature enacted these restrictions, which can be found at § 276.015 of the Texas Election Code, in S.B. 1. Election Integrity Protection Act of 2021, 87th Leg., 2nd C.S., ch. 1, § 7.04, 2021 Tex. Gen. Laws 3873, 3896–97 (*codified* TEX. ELEC. CODE § 276.015).

Because the sheer number of parties to this appeal makes obtaining consent from all impractical, *Amici* file separately (and briefly) for leave of court. FED. R. APP. P. 29(a)(2).[5] No party's counsel authored this brief in whole or in part; moreover, no party, party's counsel, or person contributed money to fund the preparation or submission of this brief. *See* FED. R. APP. P. 29(a)(4)(E).

**SUMMARY OF THE ARGUMENT**

The issue the Texas Court of Criminal Appeals addressed in *Stephens* is not new. "The laws of Texas vest in district and county attorneys the exclusive responsibility and control of criminal prosecutions and certain other types of proceedings." *Baker v. Wade*, 743 F.2d 236, 242 (5th Cir. 1984), *opinion withdrawn on reh'g*, 769 F.2d 289, *reh'g denied*, 774 F.2d 1285, *cert. denied*, 478 U.S. 1022 (1986)). In *Meshell v. State*, the Court of Criminal Appeals quoted this very sentence from this very Court as authoritative. 739 S.W.3d 246, 254 (Tex. Crim. App. 1987).

Since that time, this Court has issued innumerable opinions passing on the federal constitutionality of various Texas penal statutes with the Texas Attorney General as the defendant. Moreover, the Attorney General has even represented the

[5] A "state" need not obtain leave of court to amicus curiae. FED. R. APP. P. 29(a)(2). This Court has already recognized *Amici's* exclusive authority to bring criminal prosecutions on behalf of the State of Texas. *Mi Familia Vota v. Ogg*, 105 F.4th 315, 332 (5th Cir. 2024) (citing *Stephens*, 663 S.W.3d at 52).

State of Texas in criminal matters before the Supreme Court of the United States, *Saldano v. State*, 70 S.W.3d 873, 875–84 (Tex. Crim. App. 2002).[6]

Nevertheless, starting around the last presidential election, this Court has issued numerous lengthy decisions addressing various statewide Texas officials' amenity to be sued in federal court, including most notably the Attorney General. *Amici* believe the Attorney General's compulsion and restraint powers through his own police force, TEX. GOV'T CODE § 402.009(a), provides the requisite connection to enforcement. The issue at least deserves full briefing.

## ARGUMENT

### I. TEXAS LAW CONTRADICTS THE ATTORNEY GENERAL'S ASSERTION THAT HE DOES NOT HAVE A SUFFICIENT CONNECTION TO THE ENFORCEMENT OF THE CHALLENGED PROVISIONS.

The Eleventh Amendment to the Federal Constitution "enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). Under the exception articulated in *Ex parte Young*, 209 U.S. 123 (1908), "[a] federal court is not barred by the Eleventh Amendment from enjoining state

[6] The fact that the Attorney General defends the constitutionality of Texas penal statutes in civil matters has been tacitly approved by the Court of Criminal Appeals. *See Ex parte Lo*, 424 S.W.3d 10, 28–30 (Tex. Crim. App. 2013, *on reh'g*) (statute requiring notification of the Attorney General of a constitutional challenge to a statute 45 days prior to entry of judgment by a Texas court in a criminal matter violates separation of powers).

officers from acting unconstitutionally, either because their action is alleged to violate the Constitution directly or because it is contrary to a federal statute or regulation that is the supreme law of the land." 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & VIKRAM DAVID AMAR, FEDERAL PRACTICE AND PROCEDURE § 4232 (3d ed. 2007).

This "legal fiction" applies to "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law," *City of Austin v. Paxton*, 943 F.3d 993, 999 (5th Cir. 2019), *cert. denied sub nom. Austin, Tex. v. Paxton*, 141 S.Ct. 1047 (2021), because "a federal court command[ing] a state official to do nothing more than refrain from violating a federal law * * * is not the State for sovereign-immunity purposes," *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011).

*Ex parte Young* applies to conduct by "individuals who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature." *Ex parte Young*, 209 U.S. at 155–56. "[W]here prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar." *Coeur d'Alene Tribe*, 521 U.S. at 276–77.

While the analysis under *Ex parte Young* is a question of federal law, state law directs the analysis by showing the scope of the powers of the official in question. Such necessarily hinges on questions of state law. The Texas Constitution expressly confers on the county and district attorneys the authority to represent the State in "the District and inferior courts." TEX. CONST. art. 5, § 21. Indeed, the primary function of the district and county attorneys is "to prosecute the pleas of state in criminal cases." *Meshell*, 739 S.W.2d at 254 (quoting *Brady v. Brooks*, 89 S.W. 1052, 1056 (Tex. 1905)).

But that is not the entire picture. The Legislature cloaked the Attorney General with authority to "direct the county or district attorney serving a county in the territory covered by the election to conduct or assist the attorney general in conducting [an] investigation." TEX. ELEC. CODE § 273.002(1). While *Amici's* Court of Criminal Appeals' petition-stage brief raised separation-of-powers concerns over TEX. ELEC. CODE § 273.002(1), neither *Amici's* merits-stage brief or the Court of Criminal Appeals raised that issue because it was not germane to quashing Stephens' indictment. The Attorney General also maintains an independent police force, TEX. GOV'T CODE § 402.009(a), which appears to housed in the "Criminal Investigations Division." *Ex parte Young* itself justified the federal court's interference in state actions that threatened interference in property rights. 209 U.S. at 462. In fact, federal actions against "defendants who, while claiming to act as officers of the

State, violate and invade the personal and property rights of the plaintiffs, under color of authority," has long been within the jurisdiction of federal courts. *Pennoyer v. McConnaughy*, 140 U.S. 1, 16–17 (1891).

The Attorney General asserts investigating criminal conduct is not a sufficient enforcement connection. In *Osterwich v. Tatum*, this Court concluded TEX. ELEC. CODE § 273.001's empowerment of "the Attorney General to *investigate*, criminal conduct upon a triggering event—namely, referral by the Secretary [of State]" is not a sufficient enforcement power. 72 F.4th 94, 101 (5th Cir. 2023) (emphasis in original). *Osterwich* involved three Class C misdemeanors and it bears noting the Texas Secretary of State does not enjoy the comparable authority to employ peace officers. TEX. GOV'T CODE CH. 405 *with* TEX. GOV'T CODE § 402.009(a).[7] In the other, this Court concluded a local district attorney—not the Attorney General—enjoyed sovereign immunity. *Mi Familia Vota*, 105 F.4th at 332. But that particular prosecutor demonstrated her unwillingness to enforce various S.B. 1 provisions, which is a determinative component of a determination *Ex parte Young*. *See K.P. v. LeBlanc*, 627 F.3d 115, 124–25 (5th Cir. 2010).

---

[7] Class C misdemeanors are punished only by fine. Although "[i]t shall be the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict but see that justice is done," TEX. CODE CRIM. PROC. art. 2.01, the process afforded a defendant facing a fine necessarily differs from one facing ten years' imprisonment. Because a refundable fine does not constitute interference with property right, the *Osterwich* plaintiffs maintained the right to the tried-and-true method of pleading of guilty and challenging the constitutionality on appeal.

"[A] 'scintilla of enforcement by the relevant state official with respect to the challenged law' will do [to trigger *Ex parte Young*]." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 180 (5th Cir. 2020) (quoting *City of Austin*, 943 F.3d at 1002) (internal quotation marks omitted). Between TEX. ELEC. CODE § 273.002(1)'s grant of authority to direct criminal investigations and TEX. GOV'T CODE § 402.009(a)'s provision of a police force with statewide jurisdiction, the Attorney General has *at least* a scintilla of enforcement authority. The Attorney General has not exercised benign "investigative" authority. *Mi Famlia Vota*, 105 F.4th at 331. Rather, the "investigations," most notably against LULAC's members, have implicated individual privacy and property interests. *Florida v. Jardines*, 569 U.S. 1, 11 (2013) (Fourth Amendment protects privacy and property). This satisfies the "compel" or "restraint" elements of enforcement.

## II. AT A MINIMUM, THE ATTORNEY GENERAL'S ENFORCEMENT AUTHORITY RAISES A NOVEL QUESTION OF STATE LAW INAPPROPRIATE FOR MOTIONS PANEL DISPOSITION

Not long ago, this Court had an *Ex parte Young* jurisprudence in line with the other federal courts of appeal. *Compare Hopwood v. Texas*, 78 F.3d 932, 938 n. 13 (5th Cir. 1996)[8] (University of Texas Law School Dean proper defendant in a constitutional challenge to affirmative action) *with Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (University of California

[8] Indirect subsequent history omitted.

President Mark Yudof proper defendant in constitutional challenge to affirmative action).

The Attorney General's emergency motion not only encapsulates this Court's incongruent *Ex parte Young* jurisprudence, it exemplifies a major contributing cause: motions panels overreach. Motions panel decisions are not supposed to be precedent. *See, e.g.*, *Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988); *Fischer v. United States*, 759 F.2d 461, 463 (5th Cir. 1985); *E.E.O.C. v. Neches Butane Prods. Co.*, 704 F.2d 144 (5th Cir. 1983). Yet the Attorney General's very first citation is that of a motions panel decision masquerading as precedent. [State Defs.' Mot. at 1 (citing *Tex. League of United Latin Am. Citizens v. Abbott*, 978 F.3d 136, 142 (5th Cir. 2020)) ("*League*")].

Just before the last presidential election, Judge Patrick Higginbotham warned of this very problem. Judge Higginbotham strongly cautioned against purporting to decide issues of "standing and the reach of *Ex parte Young*, core principles of federalism," via motions-panel decision, which are "essentially written in sand with no precedential value." *Richardson v. Texas Sec'y of State*, 978 F.3d 220, 244 (5th Cir. 2020) (Higginbotham, J., concurring).

Yet, *League* did just that. *Richardson*, which stayed a district court's injunction regarding ballot signature-verification practices followed *League* by **one week**. Just one month earlier, one motions panel granted summary affirmance on a

district court's rejection of the Secretary of State's sovereign immunity assertion, *Lewis v. Hughs*, No. 20-50654, 2020 WL 5511881, at *1 (5th Cir. Sept. 4, 2020) (per curiam),[9] only to have another motions panel disagree two-to-one, *Tex. Democratic Party v. Hughs*, 974 F.3d 570 (5th Cir. 2020) (per curiam). Another contemporaneous motions panel declined to decide the sovereign immunity question on a motions panel review. *Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 568 (5th Cir. 2020) (per curiam).

Here, the Attorney General's statutory investigative authority, TEX. ELEC. CODE § 273.002(1), and independent police force, TEX. GOV'T CODE § 402.009(a), at least merit meaningful review by this Court. Given the indisputable status of the district attorneys as the controlling attorney for the State under the Texas Constitution, it would be wholly inappropriate for a federal appellate motions to make any ruling of consequence based on Texas law.[10] In fact, should this Court find

[9] On October 2, 2020, the motions panel called the decision back after the Attorney General filed a petition for rehearing en banc. The merits panel eventually dismissed based on sovereign immunity. *Lewis v. Scott*, 28 F.4d 659, 665–68 (5th Cir. 2022). Judge Higginbotham dissented, *id.* at 665–68 (Higginbotham, J., dissenting), seemingly because the merits panel twisted itself into knots to cover the motions panel's reversal one month before the 2020 presidential election.

[10] Even now, the Attorney General attacks the *Stephens* majority—purportedly articulating a position for the "State," [State Defs.' Mot. at 16 n. 4], the Texas Constitution makes clear he lacks authority to represent for such issues—while begrudgingly admitting such interpretative authority does in fact reside with the Court of Criminal Appeals, [*id.*]. *See also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

it necessary to address TEX. ELEC. CODE § 273.002(1), which it should not, *Amici* assert certification of the question to the Court of Criminal Appeals is the appropriate avenue to travel to arrive at comity and federalism.

At a minimum, the Attorney General's "connection with enforcement" merits more attention than a less-than-one-week briefing schedule. Thus, if the motions panel is not inclined to reject the Attorney General's assertion of sovereign immunity outright, determination of the Attorney General's sovereign issue should be **CARRIED** with the case.

## CONCLUSION

For the foregoing reasons, this Court should reject the Attorney General's assertion of sovereign immunity or carry any determination on the Attorney General's sovereign immunity to the merits panel.

DATED: OCTOBER 9, 2024

RESPECTFULLY SUBMITTED,

LAW OFFICE OF JUSTIN PFEIFFER PLLC

*/s/ Justin C. Pfeiffer*
JUSTIN CARL PFEIFFER
*Counsel of Record*
P.O. BOX 56632
Houston, Texas 77256
[Tel.] (832) 312-7900
jcpfeiff@icloud.com

COUNSEL FOR *AMICI CURIAE* TEXAS
DISTRICT AND CRIMINAL DISTRICT ATTORNEYS

FORT BEND COUNTY
(268TH JUDICIAL DISTRICT)

*/s/ Brian M. Middleton*
BRIAN M. MIDDLETON (SBN 90001967)
DISTRICT ATTORNEY OF FORT BEND COUNTY (268TH JUDICIAL DISTRICT)
1422 Eugene Heimann Cir. (Office)
301 Jackson Street (Mail)
Richmond, Texas 77469
[Tel.] (281) 341-4460
brian.middleton@fortbendcountytx.gov

BEXAR COUNTY

*/s/ Joe D. Gonzales*
JOE D. GONZALES (SBN 08119125)
CRIMINAL DISTRICT ATTORNEY OF BEXAR COUNTY
101 W. Nueva
San Antonio, TX 78205
[Tel.] (210)-335-2011
gonzales.joe@bexar.org

## SIGNATURE CERTIFICATION

By and through their counsel of record, *Amici* have agreed to the joint filing of this brief. I, hereby, certify that I received the permission of the above-designated counsel of record to affix their electronic signature to this instrument.

DATED:     OCTOBER 9, 2024                    */s/ Justin C. Pfeiffer*
                                                        JUSTIN CARL PFEIFFER

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I certify that (1) the required privacy redactions have been made, 5th. Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. I will mail the correct number of paper copies of the foregoing document to the Clerk of the Court when requested.

DATED:     OCTOBER 9, 2024                    */s/ Justin C. Pfeiffer*
                                                        JUSTIN CARL PFEIFFER

## CERTIFICATE OF COMPLIANCE WITH THE TYPE-VOLUME LIMIT

Pursuant to Federal Rule of Appellate Procedure 32(g) and Fifth Circuit Rules 32.2 and 32.3, I certify that the foregoing brief of plaintiff-appellant complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B).

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f):

X this brief contains ***exactly*** 2,609 words, or

___ this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Federal Rules of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because:

X this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman, 14 point, or

___ this brief has been prepared in a monospaced typeface using

_________________ with ___________________.

DATED: OCTOBER 9, 2024

*/s/ Justin C. Pfeiffer*
JUSTIN CARL PFEIFFER

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d)(3) and Fifth Circuit Rule 25.2.5, I hereby that on October 9, 2024, I electronically filed the

**BRIEF OF *AMICI CURIAE* BRIAN M. MIDDLETON, DISTRICT ATTORNEY OF FORT BEND COUNTY, AND JOE D. GONZALES, CRIMINAL DISTRICT ATTORNEY OF BEXAR COUNTY, IN SUPPORT OF NEITHER PARTY**

with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

DATED: OCTOBER 9, 2024

*/s/ Justin C. Pfeiffer*
JUSTIN CARL PFEIFFER