# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

January 6, 2026

**VIA CM/ECF**

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

Re:  *La Unión del Pueblo Entero v. Abbott*, No. 24-50783

Dear Mr. Cayce:

　　Plaintiffs-Appellees' December 22, 2025 letter (Dkt. 246) attempts to change the subject—and, in so doing, gives away their conditional challenge to Intervenor-Appellants' standing to appeal. Plaintiffs-Appellees recite that counsel for Intervenor-Appellants stated at oral argument that Intervenor-Appellants are not "injured" by S.B. 1 or Section 7.04 and, thus, had no burden to establish standing to *challenge* S.B. 1 in the District Court. *See* Dkt. 246 at 1. But Plaintiffs-Appellees have not challenged Intervenor-Appellants' standing to defend Section 7.04 in the District Court. Rather, they have raised a conditional challenge to Intervenor-Appellants' standing to *appeal* the District Court's judgment enjoining enforcement of Section 7.04. And as Plaintiffs-Appellees concede, standing to appeal does not require an injury flowing from Section 7.04; rather, it requires an injury flowing "'from the district court's judgment.'" *Id.* at 2 (quoting *DeOtte v. State*, 20 F.4th 1055, 1070 (5th Cir. 2021).

　　As Intervenor-Defendants have explained, the District Court's judgment has inflicted a variety of cognizable and particularized injuries on them. *See* Dkt. 244 at 1-3. After all, the injunction against enforcement of Section 7.04 upends the competitive electoral environment in which Intervenor-Defendants, their candidates, and their voters exercise their right to vote and to seek election. *See id.* at 1-2. The injunction also directly harms Intervenor-Defendants' capacity to compete in elections by allowing their competitors to engage in ballot harvesting that Section 7.04 forbids. *See id.* at 2. And the injunction further harms Intervenor-Defendants by decreasing voter confidence in elections and threatening a decrease in Republican voter turnout. *See id.*

　　Contrary to Plaintiffs-Appellees' assertion, *all* of these competitive harms are amply supported by "record evidence," Dkt. 246 at 4, which Intervenor-Defendants cited in their letter to the Court but Plaintiffs-Appellees attempt to ignore, *see* Dkt. 246 at 2-4 (citing ROA.65815-16). These competitive harms are no mere hypothetical concern: If allowed to stand, the District

JONES DAY

Letter to the Court
*La Unión del Pueblo Entero v. Abbott*, No. 24-50783
January 6, 2026
Page 2

Court's injunction against Section 7.04 could change the outcome of one or more close races in Texas.  *See id.* at 2-3.  And if more were somehow needed, the injunction threatens direct financial harms on Intervenor-Defendants "not unlike the ones claimed by private plaintiffs to support their arguments over whether they have standing."  *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 n.3 (5th Cir. 2022); *see also* Dkt. 244 at 3.

      Intervenor-Defendants therefore have amply shown cognizable and particularized injuries flowing "'from the district court's judgment,'" Dkt. 246 at 2 (quoting *DeOtte*, 20 F.4th at 1070), and thus have standing to appeal the judgment even if the Court dismisses the State Defendants.

                                     Respectfully submitted,

                                       /s/ *John M. Gore*
                                       John M. Gore
                                          *Counsel of Record*
                                       JONES DAY
                                       51 Louisiana Ave., N.W.
                                       Washington, D.C. 20001
                                       (202) 879-3930

                                       *Counsel for Intervenor-Appellants*

cc: All Counsel of Record

JONES DAY

Letter to the Court
*La Unión del Pueblo Entero v. Abbott*, No. 24-50783
January 6, 2026
Page 3

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that the body of this letter is 422 words. I relied on my word processor, Microsoft Word, to obtain the count.

I hereby certify that on January 6, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *John M. Gore*
John M. Gore
  *Counsel of Record*
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
(202) 879-3930

*Counsel for Intervenor-Appellants*